NANCY YAFFE (SBN 179368)
SADAF BATHAEE (SBN 276096)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
Tel: 310.598.4150 / Fax: 310.556.9828
nyaffe@foxrothschild.com
sbathaee@foxrothschild.com

Attorneys for Defendant,
Ales Group USA, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIEVE KAVANAUGH, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALES GROUP USA, INC. d.b.a. LIERAC, an unknown California business entity; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.<br>Judge:  **'16CV2325 JM   JLB**<br><br>**DEFENDANT ALES GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)**<br><br>[Filed concurrently with Declarations of Francois Hourcastagnou and Sadaf Bathaee; Civil Case Cover Sheet; and Certification and Notice of Interested Parties] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Ales Group USA, Inc. ("Ales") hereby files this Notice of Removal, based on the Court's removal jurisdiction under 28 U.S.C. § 1441, and the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). In support of this Notice of Removal, Ales states as follows:

I.  **PROCEDURAL BACKGROUND**

On or about June 21, 2016, Plaintiff Kieve Kavanaugh ("Plaintiff") commenced this action in the Superior Court of California, in the County of San

1
DEFENDANT ALES GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)

Diego, entitled *Kieve Kavanaugh v. Ales Group USA, Inc. d.b.a. Lierac, and Does 1-25, inclusive*, Case No. 37-2016-00020923-CU-OE-CTL (the "State Court action"). Ales was served with a copy of the Summons, Complaint, and Notice of Case Assignment and Case Management Conference on August 15, 2016, via Notice of Acknowledgment and Receipt pursuant to California Code of Civil Procedure § 415.30. Ales filed its Answer to the Complaint on September 13, 2016. True and correct copies of all pleadings in the State Court action are attached hereto as **Exhibit A**.

This Notice of Removal was filed and served within 30 calendar days of the date that Ales was served with the Summons and Complaint, and is therefore timely. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service).

## II. SUBJECT MATTER JURISDICTION

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. It may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between Plaintiff and Defendants

For the reasons outlined below, there is complete diversity among Plaintiff and defendants in this matter.

#### 1. Diversity Between Plaintiff and Ales

Plaintiff is an individual who resides in the State of California, and thus, a citizen of California for purposes of diversity jurisdiction. (*See* Ex. A, Complaint, ¶ 1.)

With respect to corporations, the federal diversity jurisdiction statute provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

1  U.S.C. § 1332(c)(1).  Ales, on the other hand, is a citizen of Delaware and New York for diversity purposes.  It was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in New York.  (*See* Declaration of Francois Hourcastagnou ("Hourcastagnou Decl.") filed herewith, at ¶ 3).

A corporation's "principal place of business" is the "nerve center," or the place where the entity's high level officers "direct, control, and coordinate" the activities of the corporation.  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).  The nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.*

Ales "nerve center" is in New York.  At the time that Plaintiff filed the lawsuit through the present date, Ales' executive office and headquarters have been in New York.  (Hourcastagnou Decl. at ¶ 4.)  All final decisions regarding the company's administration, business strategy, and finances are made in New York. (*Id.* at ¶ 5.)  Most of Ales' executives and officers are located in New York. (*Id.* at ¶ 6); *see also Simonson v. Allstate Ins. Co.*, 2012 WL 3073918, *2 (C.D. Cal. July 27, 2012) (admitting the declaration of defendant's assistant general counsel, which asserted that defendant's "nerve center" was located where "the important corporate decisions are made, and where its executive and administrative functions are performed").

Under *Hertz*, Ales' principal place of business is New York, making it a citizen of Delaware and New York.  Thus, Ales is a diverse defendant.

### 2. Fictitious Defendants

Ales believes, and on that basis alleges, that none of the fictitiously-named defendants (Does 1-25) have been identified by Plaintiff or were served with the Summons and Complaint.  28 USC § 1441(a); *Newcombe v. Adolf Coors Co.*, 157

F.3d 686, 690-691 (9th Cir. 1998).  Where the Court has "no information as to who they are or where they live or their relationship to the action," it is proper to disregard Doe defendants upon removal.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a removal petition.").  As such, it is proper for this Court to disregard the Doe defendants upon removal.

Based on the foregoing, complete diversity exists between Plaintiff and Ales.

### B. The Jurisdictional Minimum Has Been Established

The amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

Where the Complaint does not demand a specific dollar amount, the removing defendants bear the burden of proving by a preponderance of evidence, or showing that "more likely than not," that the amount in controversy exceeds $75,000.  *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  In making this assessment, the court may consider the facts in the removal petition including summary-judgment-type evidence relevant to the amount in controversy at the time of removal.  *Id*.  In measuring the amount in controversy, a court must assume that any admissions in the Complaint are true.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008).  The amount in controversy includes all damages claims, as well as "punitive damages when they are recoverable as a matter of law." *Richmond v. Allstate Insurance Company*, 897 F. Supp. 447, 450 (S.D. Cal. 1995); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Defendant can establish probable punitive damages by introducing evidence of jury verdicts in cases involving analogous facts.  *Simmons*, 209 F. Supp. at 1033 (jurisdictional amount was established based on punitive damages awards from similar cases).

Here, Plaintiff alleges sixteen (16) causes of action against Ales, including age discrimination and failure to prevent age discrimination in violation of the Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of public policy, intentional infliction of emotional distress, breach of contract related claims, and various California wage and hour violations. *See* Complaint, p.1, & ¶¶ 58-186.  Plaintiff seeks: compensatory damages, special damages, mental and emotional distress damages, lost wages, restitution and/or disgorgement, wages and penalties, cumulative damages pursuant to Cal. Bus. & Prof. Code § 17205, punitive damages, attorneys' fees, award of interest, including prejudgment interest, costs of suit; and such other and further relief deemed proper by the Court. *See* Complaint, p. 32.

Pursuant to *White*, Plaintiff's Complaint exceeds the jurisdictional threshold of $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003) (finding that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including loss of pay, fringe benefits, impaired earning capacity, emotional distress, etc., combined with a claim for attorney's fees).

Furthermore, there are numerous jury verdicts which reflect the potential for jury awards in California for claims similar to the ones alleged in Plaintiff's Complaint:

  i. *Anderton v. Bass Underwriters, Inc.,* 2015 WL 7721538 (Cal. Superior) (61 year old woman sued her former employer for discrimination based on age and gender, and retaliation, and was awarded $4,750,000);

  ii. *Dieter v. Lassen County*, 1999 WL 33219251 (N.D. Cal.) (57 year old female former chief probation officer sued the county for age discrimination and wrongful discharge, and was awarded $3,466,159);

  iii. *Herr v. Nestle USA, Inc.*, 2000 WL 1786307 (Unknown Cal. State Court) (53 year old financial manager sued the defendant food management


company for age discrimination and wrongful termination, and was awarded $5,016,000);

iv. *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Cal. Superior) (jury found that the defendant discriminated against plaintiff, a longtime employee, on the basis of her age and gender, and awarded $1,020,861);

v. *Fletcher v. Williamette Industries,* 2001 WL 36178506 (Unknown Cal. State Court) (61 year old black male sued his former employer for discrimination based on age and race, and was awarded a verdict in the amount of $1,218,000); and

vi. *Lentz v. KTLA, Inc.,* 1995 WL 795909 (Cal. Superior) (42 year old male reporter suffered wrongful termination from the television station on the basis of age, and was awarded $1,200,000).

Trial digests for these cases are attached to the Declaration of Sadaf Bathaee as **Exhibits "1" through "6."** *See* Declaration of Sadaf Bathaee ¶ 3.

Here, Plaintiff's claims and requests for damages are similar to the above-mentioned cases, except that Plaintiff is also alleging various California wage and hour claims that would yield additional remedies. Should Plaintiff prevail, she would be entitled to compensatory and punitive damage awards far in excess of the jurisdictional limit, in addition to any alleged unpaid wages and penalties. (*See* Complaint, ¶¶ 58-186.) Thus, the amount in controversy as to Plaintiff exceeds the jurisdictional limit based on the potential awards for compensatory and punitive damages alone.

Accordingly, removal is proper because there is complete diversity between Plaintiff and Ales, and the jurisdictional minimum amount in controversy has been met.

III. <u>VENUE</u>

This action is currently pending in the Superior Court of California in the County of San Diego, and therefore, venue in this Court is proper pursuant to 28

U.S.C. § 84(d) and 28 U.S.C. § 1391(a).

## IV. NOTIFICATIONS

As required by 28 U.S.C. § 1446(d), Ales will provide prompt written notice to Plaintiff, by counsel, of removal of this action in federal court. As required by 28 U.S.C. § 1446(d), Ales will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Diego.

**WHEREFORE**, Ales hereby removes this action from the Superior Court of California, in and for the County of San Diego, to the United States District Court for the Southern District of California.

Dated: September 14, 2016            Respectfully submitted,

                                            FOX ROTHSCHILD

                                            By: *s/ Sadaf Bathaee*
                                                Nancy Yaffe
                                                Sadaf Bathaee
                                                Attorneys for Defendant
                                                Ales Group USA, Inc.